IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SECURE IDENTITY SOLUTIONS, INC.,    *

      Plaintiff,                  *

v.                              *        Civil No. TJS-10-0146

ANDRE MAXWELL,            *

      Defendant.            *

*     *     *     *     *     *

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Secure Identity Solution, Inc.'s ("SIS") Motion for Sanctions and for Summary Judgment and/or for Other Appropriate Relief ("Motion") (ECF No. 31). Defendant Andre Maxwell ("Mr. Maxwell") has not filed a response and the time for doing so has passed. Having reviewed the Motion, I find that a hearing is unnecessary on the issue of Mr. Maxwell's liability. *See* Loc. R. 105.6. For the reasons set forth below, the Court will grant in part and deny in part the Motion as to Mr. Maxwell's liability, but hold the issue of damages *sub curia*.

## I.    FACTUAL AND PROCEDURAL HISTORY

SIS filed a Complaint (ECF No. 1) on January 20, 2010 asserting various claims against Mr. Maxwell, and seeking monetary damages and injunctive relief. A scheduling order (ECF No. 8) was entered on April 29, 2010, and the case was referred to a U.S. Magistrate Judge with the parties' consent on the same day. (*See* ECF Nos. 9 & 10.) On September 15, 2010, a stay was entered in light of Mr. Maxwell's bankruptcy filing in another district. This stay was lifted on June 14, 2011, but the stay was reinstated on October 3, 2011 in light of a second bankruptcy filing in another district. (ECF Nos. 20 & 22.) As a result of SIS's status report submitted on

February 5, 2013 (ECF No. 25), a conference call with the parties was held, the stay was lifted, and a revised scheduling order (ECF No. 28) was entered on April 8, 2013.

Throughout the course of this case, SIS has served several discovery requests on Mr. Maxwell, but he has not produced responses to any of them. (*See* ECF No. 31 at 2-3.) Specifically, in light of Mr. Maxwell's failure to respond to SIS's Request for Admissions pursuant to Fed. R. Civ. P. 36 (*see* ECF No. 31-4), SIS requests that the Court deem the matters set forth therein as admitted, and find that SIS is entitled to summary judgment on all of the claims asserted in its Complaint. (ECF No. 31.)

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir.2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial,

Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

## III.   ANALYSIS

SIS initially served its Request for Admissions ("Request") on Mr. Maxwell on July 12, 2010. (ECF No. 31-4 at 6.) After a stay was entered in the case, lifted, reinstated, then lifted again, SIS again served its Request on Mr. Maxwell, as well as on an attorney acting on his behalf. (*See* ECF No. 31 at 2-3.) Nonetheless, Mr. Maxwell did not respond to the Request. Accordingly, pursuant to Fed. R. Civ. P. 36(a) and (b), the matters in SIS's Request are deemed admitted and conclusively established.

Because SIS has conclusively established the matters contained in its Request and Mr. Maxwell has submitted no evidence in opposition to SIS's Motion, the Court finds that there is no genuine dispute as to any material fact. The Court must still, however, determine whether SIS is entitled to judgment as a matter of law based on the undisputed facts in the record. *See* Fed. R. Civ. P. 56(a).

### A.   Counts I and II

Counts I and II of the Complaint, assert claims for "Breach of Employment Contract" and "Breach of Separation and Release Agreement," respectively. (ECF No. 1 at 3-4.) In Maryland, to prevail on a breach of contract claim, a plaintiff must prove that the defendant owed a contractual duty and that the defendant materially breached that duty. *Taylor v. NationsBank, N.A.*, 365 Md. 166 (2001). In these counts, SIS alleges that Mr. Maxwell had a contract with SIS "that any business relations [Mr. Maxwell] developed belonged to [SIS]." (ECF No. 1 at 3.) In violation of the terms of this contract, Mr. Maxwell "formed his own business relations with

[SIS's] customers and potential customers while employed by [SIS]." (*Id.*) There is no dispute of Mr. Maxwell's contract with SIS, or that he violated the terms of the contract by "secretly and without authority or consent from SIS obtain[ing] business for [himself] from existing SIS customers," and "continued to work for clients of SIS after [his] termination." (*Id.* at 2-3.) Moreover, it is conclusively established that Mr Maxwell breached his contract with SIS by forming his "own business relationships with SIS customers and potential customers" and "by directly competing with SIS." (*Id.* at 3-4.) In addition, in Mr. Maxwell's Separation and Release Agreement, he agreed not to disparage SIS. Nonetheless, Mr. Maxwell subsequently "made representations to SIS's customers that SIS is unable to perform its work and that it has been dissolved," all in an attempt to "subvert SIS's work and to obtain business" for himself. (ECF No. 31-4 at 3.) Based on the foregoing, the Court finds that Mr. Maxwell breached his contracts with SIS and that SIS is entitled to judgment as a matter of law as to Counts I and II of the Complaint.

### B.      Counts III and IV

Count III of the Complaint asserts a claim of "Interference with Business Relations" and Count IV asserts a claim of defamation (ECF No. 1 at 4-5.) To prevail on a claim of tortious interference with business relationships in Maryland, a plaintiff must prove the following:

> (1) intentional and willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting.

*Spengler v. Sears, Roebuck & Co.*, 163 Md. App. 220, 242 (2005) (internal citations and quotations omitted).

In order to prevail on a defamation claim in Maryland, a plaintiff must show:

> (1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm.

*Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012).

Here, SIS has conclusively established the elements for each of these claims. Mr. Maxwell "secretly and without authority or consent from SIS" obtained business for himself from SIS's customers. (ECF No. 31-4 at 2.) In addition, he told SIS's customers that SIS was "unable to perform its work and . . . had been dissolved" so that he could obtain business from SIS's customers. As a result of these actions, SIS's "business reputation, business integrity, and its ability to attract and maintain clients" has been damaged. (*Id.*) Based on the foregoing, the Court finds that Mr. Maxwell is liable for tortious interference with business relationships and defamation, and that SIS is entitled to judgment as a matter of law as to Counts III and IV of the Complaint.

### C.      Count V

In Count V, SIS asserts a claim of injurious falsehood. To prevail on a claim of injurious falsehood, Maryland courts require a plaintiff to show a (1) falsehood tending to disparage or reflect poorly on the quality of another's property; (2) made with malice; (3) resulting in loss to the plaintiff. *See generally Horning v. Hardy*, 36 Md. App. 419 (1977); *Lehigh Chem. Co. v. Celanese Corp of America*, 278 F. Supp. 894 (D. Md. 1968). Here, SIS has conclusively shown that Mr. Maxwell falsely stated to SIS's current and potential customers that SIS was insolvent and could no longer handle their business. Mr. Maxwell made these statements in an effort to take away business from SIS, to SIS's loss and to Mr. Maxwell's benefit. Based on these undisputed facts, the Court finds that Mr. Maxwell is liable for injurious falsehood and that SIS is entitled to judgment as a matter of law as to Count V of the Complaint.

### D.      Count VI

Count VI of the Complaint asserts that Mr. Maxwell is liable for fraud. Under Maryland law,

> [i]n order to recover damages in an action for fraud or deceit, a plaintiff must prove (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Ellerin v. Fairfax Sav., F.S.B.*, 337 Md. 216, 229 (1995) (quoting *Nails v. S & R*, 334 Md. 398, 415–416(1994)).

In this count, SIS alleges that Mr. Maxwell made false representations to its customers so that the customers "would reasonably rely on [his] statements in doing business" with Mr. Maxwell instead of SIS. (ECF No. 1 at 6.) The fraud SIS alleges in this count, however, is a fraud on its customers, but not on SIS itself. Accordingly, SIS cannot show that misrepresentations were made "for the purpose of defrauding the plaintiff" or that "the plaintiff relied on the misrepresentation[s]." *Ellerin*, 337 Md. at 229. Accordingly, the Court finds that SIS is not entitled to judgment as a matter of law as to its claim for fraud and will deny SIS's Motion as to Count VI.

### E.      Count VII

Count VII of the Complaint alleges that Mr. Maxwell is liable for conversion. Under Maryland law, "[c]onversion is an intentional tort, consisting of two elements, a physical act combined with a certain state of mind." *Lasater v. Guttmann*, 194 Md. App. 431, 446 (2010) (quoting *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 261 (2004)). The "act of ownership for conversion can occur either by initially acquiring the property or by retaining it

longer than the rightful possessor permits." *Potomac Conference Corp. of Seventh-day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, No. DKC 13-1128, 2014 WL 856653 (D. Md. Mar. 4, 2014) (quoting *Darcar Motors*, 379 Md. at 262). The state of mind required to establish the tort of conversion is "an intent to exercise dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." (*Id.*)

SIS alleges that Mr. Maxwell "physically interfered with [its] use and enjoyment of its personal property by deleting information from its laptop computers and compromising sensitive proprietary information." (ECF No. 1 at 6.) In addition, SIS claims that Mr. Maxwell took laptop computers belonging to its customers from SIS's charge without authority or permission. (*Id.*) By taking the laptop computers, SIS claims that Mr. Maxwell has "compromised the proprietary information contained therein." (*Id.*) Through Mr. Maxwell's admissions to the matters contained in SIS's Request, it is established that Mr. Maxwell "physically interfered with SIS's . . . personal property" by deleting information from its laptop computers, compromising sensitive proprietary information, and taking a customer's laptop computer "without authority or permission." (ECF No. 31-4 at 4.) The effect of Mr. Maxwell's actions "was of such a degree as to require a forced sale" of the laptop computers to Mr. Maxwell. (*Id.* at 5.) In summary, Mr. Maxwell did not have an ownership interest in the laptop computers or the data they contained, but he nonetheless took the computers and deleted the computer data. Based on these undisputed facts, the Court finds that Mr. Maxwell is liable for conversion and that SIS is entitled to judgment as a matter of law as to Count VII of the Complaint.

## F.    Count VIII

SIS asserts a claim of trespass to property in Count VIII of its Complaint. (ECF No. 1 at 7.) Under Maryland law, a person's interference with another person's use or enjoyment of

personal property may constitute either a conversion or a trespass, but not both. *See Staub v. Staub*, 37 Md. App. 141, 147 (1977) ("Although different measures of damages are applicable in trespass and conversion, these two forms of action provide alternative remedies for the same wrong. Where there has been a single interference with a chattel, the owner may recover for trespass or for conversion, but not for both."). The tort of interference or trespass to property occurs when the interference is minor enough that it does not result in such serious damages as to constitute a conversion. *See id*. Having already found that SIS is entitled to summary judgment on its conversion claim, the Court will deny its Motion as to its claim for trespass to property, Count VIII.

### G.    Count IX

Count IX of the Complaint asserts a claim for breach of fiduciary duty. (ECF No. 1 at 8.) It is not clear that such a tort exists under Maryland law. In *George Wasserman & Janice Wasserman Goldsten Family LLC v. Kay*, the Court of Special Appeals observed that while "an alleged breach of fiduciary duty may give rise to a cause of action, . . . it does not, standing alone, constitute a cause of action." 197 Md. App. 586, 631 (2011) (citing *Kann v. Kann*, 344 Md. 689, 690 A.2d 509 (1997) ("[T]here is no universal or omnibus tort for the redress of breach of fiduciary duty by any and all fiduciaries.")); *see also Boiardi v. Freestate*, No. ELH-11-01676, 2013 WL 5410131, at *6 (D. Md. Sept. 25, 2013) (noting that "the post-*Kann* landscape has been a bit muddled," but holding that under the facts of the case, "any purported breach of fiduciary duty [did] not constitute a stand alone nonduplicative cause of action") (internal quotation omitted).

Furthermore, SIS has not established specifically how Mr. Maxwell "owed fiduciary duties to [SIS] to protect [SIS's] business interests, to seek to obtain new clients and to maintain existing clients and to all times represent [SIS] and to not compete" with SIS. (ECF No. 1 at 8.) For these reasons, SIS's Motion is denied as to Count IX of the Complaint.

**H.     Count X**

SIS asserts a claim of unjust enrichment in Count X of its Complaint. (ECF No. 1 at 8.) Under Maryland law, the elements of a claim of unjust enrichment are:

> 1. A benefit conferred upon the defendant by the plaintiff;
> 2. An appreciation or knowledge by the defendant of the benefit; and
> 3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

*Yost v. Early*, 87 Md. App. 364, 386-87 (1991). When an express contract is present, a plaintiff cannot recover under the quasi-contractual theory of unjust enrichment. *See Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 101 (2000). Because SIS has established Mr. Maxwell's liability for breach of contract, SIS may not hold Mr. Maxwell liable under an unjust enrichment theory. For these reasons, SIS's Motion is denied as to Count X of its Complaint.

**I.      Count XI**

SIS asserts a claim of constructive trust in Count XI of its Complaint. (ECF No. 1 at 8-9.) The remedy of constructive trust converts the holder of legal title to property into a trustee for one who in good conscience should reap the benefits of the property. *Wimmer v. Wimmer*, 287 Md. 663, 668 (1980). The purpose of this remedy is to prevent the unjust enrichment of the holder of the property, and the remedy will be applied "where a property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it

inequitable for the party holding the title to retain it." *Id.* While SIS incorporates most of the factual allegations of its Complaint in this count, it only makes one independent assertion with respect to it: "That Defendant acquired business dealing with Plaintiff's existing and potential customers under fraudulent circumstances that make it inequitable for Defendant to retain title." (ECF No. 1 at 9.) It is not clear to me that SIS is entitled to judgment as a matter of law on this count. First, SIS has not demonstrated (and the law may not permit) that a person can hold title to general business dealings with existing and potential customers. Second, the assertions in SIS's Complaint and Mr. Maxwell's admissions to the matters in its Request are not sufficient to convince the Court that the imposition of a constructive trust is permitted in this case. Accordingly, SIS's Motion is denied as to Count XI.

### J.       Count XII

In Count XII of its Complaint, SIS seeks punitive damages against Mr. Maxwell. (ECF No. 1 at 9.) Punitive damages are available under Maryland law in tort actions. *See Bowden v. Caldor, Inc.*, 350 Md. 4, 22 (1998). Punitive damages serve to punish a defendant "for egregiously bad conduct toward the plaintiff, [and] also to deter the defendant and others contemplating similar behavior." *Id.* (internal quotation omitted). An award of punitive damages is discretionary, *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 773-74 (2000), and a number of factors must be considered in determining whether an award of punitive damages is appropriate, including the minimum amount of damages that will deter the defendant and others from similar misconduct, the proportion of punitive damages to compensatory damages, and the financial circumstances of the defendant. *See HBCU Pro Football, LLC v. New Vision Sports Properties, LLC*, No. WDQ-10-0467, 2011 WL 2038512 (D. Md. May 24, 2011).

It does not appear that punitive damages are warranted in this case. As outlined above, the Court will deny SIS's claim for fraud because SIS has not established that it was defrauded

(it has only established that certain of its customers were defrauded). Fraud is the most common basis upon which courts base awards of punitive damages. Given that the Court will deny SIS's Motion as to its fraud claim, it is not clear that there is any other basis upon which punitive damages may be awarded. In addition, an award of punitive damages most commonly requires a finding of actual malice. Actual malice may be evidenced by "an element of aggravation, evidenced by malicious, deliberate, gross or wanton conduct [accompanying] the fraud." *Crawford v. Mindel*, 57 Md. App. 111, 126 (1984) (citing *Wedeman v. City Chevrolet Co.*, 278 Md. 524, 530-31 (1976)). Here, even if the Court were to assume that Mr. Maxwell defrauded SIS, it is not clear that he acted with the malice required for an award of punitive damages.

Because this count concerns only damages, the Court will not make a finding against an award of punitive damages at this point, but will permit SIS to supplement its position as to whether an award of punitive damages is appropriate and the amount that should be awarded. Accordingly, SIS's Motion is held *sub curia* as to Count XII of the Complaint.

### K.    Count XIII

In Count XIII, SIS seeks injunctive relief against Mr. Maxwell. (ECF No. 1 at 9.).

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In Maryland,

> [a] permanent injunction is, as its name indicates, "an injunction final or permanent in its nature granted after a determination of the merits of the action." Md. Rule BB70d. But a permanent injunction is not "permanent" in the sense that it must invariably last indefinitely. Rather, it "is one granted by the judgment which finally disposes of the injunction suit." The difference between an interlocutory injunction and a permanent injunction turns on "whether there has

been a determination on the merits of the claim. If that determination has been made, then the injunction may be final; if not, it is interlocutory.

*Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 361 Md. 371, 395 (2000).

SIS seeks an order enjoining Mr. Maxwell from (1) defaming SIS; (2) retaining SIS's property and the property of its customers; (3) continuing "to unjustly enrich himself on business dealings with [SIS's] potential and existing customers; (4) continuing to breach his employment agreement and separation and release agreement with SIS; and (5) continuing to commit injurious falsehoods against SIS. (ECF No. 1. at 9.) While injunctive relief may be appropriate in this case, the Court will hold the matter *sub curia* to permit SIS to further supplement its request. The injunctive relief sought in the Complaint is plainly too far-reaching and broad. The Court will consider ordering injunctive relief, but only to the extent that it is tailored to protecting SIS's future interests and is not aimed at punishing Mr. Maxwell, or preventing him from obtaining other employment. Accordingly, SIS's Motion is held *sub curia* as to Count XIII of the Complaint.

IV.     **CONCLUSION**

For the reasons stated above, SIS's Motion for Sanctions and for Summary Judgment and/or for Other Appropriate Relief (ECF No. 31) is **GRANTED IN PART** and **DENIED IN PART**. As to Mr. Maxwell's liability, the motion is granted as to Counts I-V and VII. The Motion is denied as to Counts VI and VIII-XI. The Court will hold its determination of damages and any injunction *sub curia* pending SIS's supplementation of its position as to these matters, which may include a request for a hearing on damages and injunctive relief. In any event, SIS is **ORDERED** to supplement its position as to damages and/or request a hearing within thirty (30) days of the date of this Memorandum Opinion and accompanying Order.


November 12, 2014                                    _____/s/_____
Date                                                               Timothy J. Sullivan
                                                                       United States Magistrate Judge

13